UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JANET HICKS, individually and on behalf of all other persons similarly situated

Plaintiffs,

v.

ISABELLA VISITING CARE, INC.,

Defendants.

**NOTICE OF REMOVAL**

Index No.: _____

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant Isabella Visiting Care, Inc. ("Isabella"), by and through its attorneys, Bond, Schoeneck & King PLLC, hereby removes this action to the United States District Court for the Southern District of New York, which is the judicial district in which the action is pending, on the following grounds:

1. Plaintiff commenced this action by filing a Summons and Complaint in New York State Supreme Court, New York County, on February 13, 2018. On its face, the Complaint asserted various claims under common law and the New York Labor Law, and purports to seek class action status. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendant are attached hereto as **Exhibit A**.

2. This action became removable on July 6, 2018, when Plaintiffs filed an Opposition (Plaintiff's "Opposition Papers") to Defendant's Memorandum of Law in Support of Motion to Dismiss, or in the Alternative, to Stay the Case (Defendant's "Dismissal Motion"), which Defendants filed in the State Court on June 20, 2018. In an effort to avoid dismissal of all claims sought by Defendant's Dismissal Motion, Plaintiff

Plaintiff described her claims in detail in her Opposition papers, and for the first time, identified a federal claim she is now specifically asserting in this action. Plaintiff's Opposition brief is attached hereto as **Exhibit B**. In it, Plaintiff asserted, for the first time, a <u>federal claim for overtime pay under the Fair Labor Standards Act ("FLSA")</u>. Specifically, <u>Plaintiffs cite, rely upon, and purport to state a claim specifically arising under 29 U.S.C. § 213(a)(15)</u> as the basis for relief demanded. *See* Exhibit B at pp. 14-15 and n. 4. Therein, Plaintiff asserted that she was not "exempt" under the Federal "companionship exemption," 29 U.S.C. § 213(a)(15), as of January 1, 2015, as the premise for her overtime claims. *See* Ex. B fn. 4. That claim is disputed. Thus, this is an action in which the District Courts of the United States have original jurisdiction, as it arises under the laws of the United States, and raises federal questions. *See* 28 U.S.C. § 1331.

3.     Plaintiffs' claim for overtime pay under the FLSA is known commonly in federal forums as the "2015 gap claim," which alleges that on January 1, 2015, a change in Federal regulations cited by Plaintiff (29 U.S.C. § 213(a)(15)) became effective and, for the first time, required overtime to be paid to home care aides like Plaintiff, under federal law. This FLSA "gap" claim has been advanced in over a dozen federal forums. But, in addition, Plaintiff's new assertion of this claim raises a <u>second</u> question arising under federal law; specifically: when did the change in the federal regulation relied upon by Plaintiff take effect under federal law, after litigation resolved challenges to the regulation? More specifically, there is a split in federal authority as to the effective date of the FLSA regulation on which Plaintiff's claim rests. *See, e.g., Alves v. Affiliated Home Care of Putnam*, No. 16-1593, 2017 U.S. Dist. LEXIS 17893, at

\*8 (S.D.N.Y. Feb. 7, 2017) (holding that the provision became effective in October 2015); *contra, Kinkead v. Humana, Inc.*, 206 F. Supp. 3d 751, 755 (D. Conn. 2016) (holding that the provision became effective in January 2015). Accordingly, this further federal question is an additional basis for removal. *See MPEG LA, L.L.C. v. Toshiba Am. Info. Sys.*, No. 15-3997, 2015 U.S. Dist. LEXIS 146856, at \*7 (S.D.N.Y. Oct. 29, 2015) ("substantial questions of federal law . . . justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues") (citation omitted).

4. Pursuant to 28 U.S.C. § 1446(b)(3), this Notice of Removal is timely filed within thirty (30) days after receipt by Defendant of a copy of a "motion . . . or other paper from which it may first be ascertained that the case is one which is or has become removable"; namely, Plaintiffs' July 6, 2018 Opposition to Defendant's Motion to Dismiss the Complaint. *See Soto v. Apple Towing*, 111 F. Supp. 2d 222, 223 (E.D.N.Y. 2000) (removal upheld on the basis of plaintiff's letter during discovery alleging a violation of a federal statute).

5. Plaintiffs' Complaint did not refer to the FLSA or any federal law or claim. *See* Exhibit A (Complaint); *Casale v. Metro. Transp. Auth.*, No. 05-4232, 2005 U.S. Dist. LEXIS 31559, at \*26 (S.D.N.Y. Dec. 5, 2005) ("[w]hen federal question jurisdiction is at issue," the removal clock is triggered only "if the initial pleading contains a claim that explicitly and necessarily relies on federal law").

6. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal and supporting papers is being provided to Plaintiffs and is being filed with the Supreme Court of the State of New York, New York County.

3

WHEREFORE, Defendant Isabella Visiting Care, Inc. respectfully notices its removal of the State Court Action to this Court.

Dated: New York, New York
July 23, 2018

Respectfully submitted,

By: _____
David E. Prager   (DP 4009)
BOND SCHOENECK & KING PLLC
600 Third Avenue, 22nd Floor
New York, New York 10016
T: (646) 253-2330
F: (646) 253-2301
dprager@bsk.com
*Attorneys for Defendant*

TO:   LaDonna M. Lusher, Esq.
VIRGINIA & AMBINDER, LLP
40 Broad Street, 7th floor
New York, New York 10004
(212) 943-9080

Innessa Melamed Huot, Esq.
FARUQI & FARUQI, LLP
685 Third Avenue, 26th Floor
New York, New York 10017
(212) 983-9330

*Attorneys for the Named Plaintiff and the Putative Class*