UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JANET HICKS, individually and on behalf of all other persons similarly situated, | No. 18-cv-06603 (JMF) |
| Plaintiffs, | |
| - v - | |
| ISABELLA VISITING CARE, INC., | |
| Defendant. | |

# PLAINTIFFS' MEMORANDUM OF LAW IN
## SUPPORT OF MOTION FOR REMAND

VIRGINIA & AMBINDER, LLP
LaDonna M. Lusher, Esq.
Kara Miller, Esq.
Michele Moreno Esq.
40 Broad Street, 7th Floor,
New York, New York 10004
Tel: (212) 943-9080

FARUQI & FARUQI, LLP
Innessa Melamed Huot, Esq.
685 Third Avenue, 26th Floor
New York, New York 10017
Tel: (212) 983-9330

*Attorneys for Plaintiff and Putative Class*

i

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ........................................................................ iii

PRELIMINARY STATEMENT ................................................................1

PROCEDURAL HISTORY........................................................................2

ARGUMENT .............................................................................................3

     I.     DEFENDANT'S NOTICE OF REMOVAL IS UNTIMELY – IT WAS FILED OVER FIVE MONTHS AFTER DEFENDANT FIRST RECEIVED NOTICE OF PLAINTIFFS' UNPAID OVERTIME CLAIM UNDER NEW YORK LAW .......3

     II.    ASSUMING, *IN ARGUENDO*, DEFENDANT'S NOTICE OF REMOVAL WAS SOMEHOW DEEMED TIMELY, PLAINTIFFS' CLAIM FOR UNPAID OVERTIME WAGES UNDER NEW YORK LAW DOES NOT CONFER FEDERAL QUESTION JURISDICTION ............................................................4

          A.     Defendant's Notice of Removal Concedes that Plaintiffs' Well-Pleaded Complaint Makes No Mention of Federal Law and that Plaintiffs' Claims Do Not Arise Under Federal Law – An Argument Opposing a Motion Filed by Defendant Cannot Comprise Grounds for Federal Question Jurisdiction ...............................................................................................5

          B.     The Companionship Exemption Under the FLSA is an Affirmative Defense and Therefore Cannot Confer Federal Question Jurisdiction ......................7

     III.   PLAINTIFFS REQUEST AN AWARD OF ATTORNEYS' FEES AND COSTS INCURRED AS A RESULT OF DEFENDANT'S FRIVOLOUS REMOVAL ....9

CONCLUSION.........................................................................................10

**TABLE OF AUTHORITIES**

CASES                                                                                                    PAGE

Aetna U.S. Healthcare, Inc. v. Maltz,
1999 U.S. Dist. LEXIS 6708, 1999 WL 285545 (S.D.N.Y. May 4, 1999) ...................................8

Alcantara v. Allied Properties, LLC,
334 F.Supp.2d 336 (E.D.N.Y. 2004) .......................................................................................6, 8

Big Apple Supermarkets, Inc. v. Dutto,
237 F. Supp. 774 (E.D.N.Y. 1965) ...............................................................................................5

Botelho v. Presbyterian Hosp.,
961 F. Supp. 75 (S.D.N.Y. 1997) .................................................................................................3

Burton v. PGT Trucking,
Inc., No. 16-CV-9985 (JPO), 2018 U.S. Dist. LEXIS 97703 (S.D.N.Y. June 11, 2018) ...............9

Caterpillar, Inc. v. Williams,
482 U.S. 386, 393 (U.S. 1987)..................................................................................................6, 8

Cicio v. Does 1-8,
321 F.3d 83 (2d Cir. 2003)............................................................................................................5

Collins v. DKL Ventures, LLC,
215 F. Supp. 3d 1059 (D. Colo. 2016).........................................................................................9

Cummings v. Bost, Inc.,
218 F. Supp. 3d 978 (W.D. Ark. 2016)........................................................................................9

Cuomo v. Long Island Lighting Co.,
589 F. Supp. 1387, 1392 (E.D.N.Y. 1984) .................................................................................6

Curtin v. Port Authority of New York and New Jersey,
183 F. Supp. 2d, (S.D.N.Y. 2002) ...............................................................................................8

D'Alessio v. New York Stock Exch.,
258 F.3d 93, 99 (2d Cir. 2001)................................................................................................5, 8

De Carrasco v. Life Care Servs., Inc.,
No. 17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682 (S.D.N.Y. Dec. 15, 2017)....................8

Dillow v. Home Care Network, Inc.,
2017 U.S. Dist. LEXIS 27133, 2017 WL 749196 (S.D. Ohio Feb. 27, 2017) ..............................9

Evans v. Caregivers, Inc.,

2017 U.S. Dist. LEXIS 76599, 2017 WL 2212977 (M.D. Tenn. May 19, 2017)...........................9

Gen. Ins. Co. of Am. v. Tilcon New York, Inc.,
1996 U.S. Dist. LEXIS 9634, No. 96 Civ. 1258, 1996 WL 389265 (S.D.N.Y. July 11, 1996) ......3

Great N. R. Co. v. Alexander,
246 U.S. 276 (U.S. 1918)...........................................................................................................7

Green v. Humana at Home,
2017 U.S. Dist. LEXIS 162961 (S.D.N.Y. Sept. 29, 2017)........................................................9

Guerrero v. Moral Home Servs., Inc.,
247 F. Supp. 3d 1288, 2017 WL 1155885 (S.D. Fla. Mar. 27, 2017) ............................................9

Hypolite v. Health Care Servs. of New York, Inc.,
256 F. Supp. 3d 485 (S.D.N.Y. 2017)........................................................................................9

In re Friedman & Shapiro, P.C.,
185 B.R. 143 (S.D.N.Y. 1995)..................................................................................................10

In re Lawrence,
233 B.R. 248 (N.D.N.Y. 1999) .................................................................................................10

Kinkead v. Humana, Inc.,
206 F. Supp. 3d 751 (D. Conn. 2016).........................................................................................9

Lewis- Ramsey v. Evangelical Lutheran Good Samaritan Soc'y,
215 F. Supp. 3d 805 (S.D. Iowa 2016) .......................................................................................9

Marcus v. AT&T Corp.,
138 F.3d 46 (2d Cir. 1998).........................................................................................................6

Martin v. Franklin Capital Corp.,
546 U.S. 132 (2005)..................................................................................................................10

Merrell Dow Pharmaceuticals, Inc. v. Thompson,
478 U.S. 804 (U.S. 1986)...........................................................................................................5

Ross v. Bank of America,
524 F.3d 217 (2d Cir. 2008)........................................................................................................5

Rubin v. MasterCard Int'l, LLC,
342 F. Supp. 2d 217 (S.D.N.Y. 2004).....................................................................................5, 8

Sarnelli v. Tickle,
556 F.Supp. 557 (E.D.N.Y. 1983) ..............................................................................................7

Schwind v. EW & Assocs.,
357 F. Supp. 2d 691 (S.D.N.Y. 2005)..................................................................8

Somlyo v. J. Lu-Rob Enters., Inc.,
932 F.2d 1043 (2d Cir. 1991)...............................................................................3

Sullivan v. Am. Airlines, Inc.,
424 F.3d 267 (2d Cir. N.Y. 2005).....................................................................6, 7

United Food & Commercial Workers Union, Local 919 v. Ctr. Mark Props. Meriden Square, Inc.,
30 F.3d 298 (2d Cir. 1994)...................................................................................5

Vera v. Saks & Co.,
335 F.3d 109 (2d Cir. 2003).................................................................................5

Verlinden B.V. v. Cent. Bank of Nig.,
461 U.S. 480 (U.S. 1983).....................................................................................5

Wallace v. Wiedenbeck, Jr.,
985 F. Supp. 288 (N.D.N.Y. 1998)....................................................................10

W. SIDE Fed. Sav. & Loan Ass'n OF N.Y.C. v. ROLL,
Pro Se 77 Civ. 1309-CLB, 1977 U.S. Dist. LEXIS 14922 (S.D.N.Y. July 19, 1977)....................8

## STATUTES

NYC Admin. Code § 6-109 ..............................................................................1, 6

NYCRR §§ 142-2.1 ...............................................................................................1

NYCRR §§ 142-2.2 ...........................................................................................1, 3

NYCRR §§ 142-2.4 ...............................................................................................1

NYCRR §§ 142-2.14 .............................................................................................1

NYCRR 142-2.5(c) ................................................................................................6

NYCRR §§ 142-2.6 ...............................................................................................1

New York Labor Law § 190 *et seq.* ....................................................................1

New York Labor Law § 663 .................................................................................1

New York Labor Law § 651 *et seq.* ...................................................................................1

New York Labor Law § 650 *et seq.* ...................................................................................1

New York Public Health Law § 3614-c ...........................................................................1, 6

28 U.S.C. § 1441(a) ...........................................................................................................4

28 U.S.C. § 1446(b) ...........................................................................................................3

28 U.S.C. § 1447(c) ...........................................................................................................1

28 U.S.C. § 1331 .............................................................................................................2, 4

29 U.S.C. § 201 ..................................................................................................................4

29 U.S.C. § 213(a)(15) .......................................................................................................3

## PRELIMINARY STATEMENT

This action was brought on behalf of Named Plaintiff Janet Hicks and a putative class of home health attendants (collectively "Plaintiffs") who provide personal home health care and assistance to clients of Isabella Visiting Care, Inc. ("Defendant"). Plaintiffs seek to recover wages and benefits which Plaintiffs were statutorily and contractually entitled to receive pursuant to New York Labor Law § 190 *et seq.*, New York Labor Law § 663, New York Labor Law § 651 *et seq.*, New York Labor Law § 650 *et seq.*, 12 New York Codes, Rules, and Regulations (hereinafter referred to as "NYCRR") §§ 142-2.1, 142-2.2, 142-2.4, 142-2.14 and 142-2.6, and New York Public Health Law § 3614-c and Title 6, Section 6-109 of the New York City Administrative Code (hereinafter referred to as "NYC Admin. Code § 6-109").

Following Defendant's filing of a Notice of Removal to this Court, Plaintiffs, by their attorneys Virginia & Ambinder, LLP and Faruqi & Faruqi, LLP now respectfully move to remand this matter back to the Supreme Court for the State of New York, New York County and award Plaintiffs the costs and disbursements incurred by reason of the removal proceedings, pursuant to 28 U.S.C. § 1447(c).

As set forth below, remand is proper because Defendant's Notice of Removal is untimely. Plaintiffs' cause of action for unpaid overtime under the New York Labor Law, the claim upon which Defendant bases its Notice of Removal, was contained in Plaintiffs' initial Complaint filed on February 13, 2018. If Defendant wanted to remove on the grounds set forth in its Notice of Removal, it had to do so by March 15, 2018, not July 23, 2018.

Furthermore, Defendant's Notice of Removal, assuming it could somehow overcome its untimeliness, also fails because Plaintiffs' well-pleaded Complaint does not allege violations of any federal law, but instead contains claims brought exclusively pursuant to New York State

common law and statutory law. Defendant does not base its Notice of Removal on anything contained in Plaintiffs' Complaint, but rather an argument regarding damages that Plaintiffs made in opposing a motion to stay filed by Defendant. This is improper and cannot be grounds for federal question jurisdiction.

Yet another strike against Defendant's Notice of Removal is that the Fair Labor Standards Act's ("FLSA") companionship exemption, the federal law Defendant falsely alleges must be interpreted for resolution of Plaintiffs' New York overtime claim, is an affirmative defense. Case law is clear that affirmative defenses cannot form the basis for removal to federal court.

Clearly, Defendant's removal is nothing more than an attempt to delay this litigation from proceeding. For the reasons set forth below, Plaintiffs' motion to remand should be granted in its entirety.

## <u>PROCEDURAL HISTORY</u>

Plaintiffs filed their action against Defendant in the Supreme Court of the State of New York, County of New York, on February 13, 2018 ("Complaint"). [See Ex. A, annexed to Declaration of LaDonna M. Lusher ("Lusher Decl.").] On April 20, 2018, Defendant filed a motion to dismiss the Complaint or, in the alternative, to stay the action pending a decision by the New York State Court of Appeals on a determination of New York law. On July 6, 2018, Plaintiffs filed opposition to Defendant's motion to dismiss or stay the action. On July 23, 2018, Defendant filed their Notice of Removal, removing this action to the United States District Court for the Southern District of New York, on the sole contention that Plaintiffs' opposition to Defendant's motion to stay addressed federal law and therefore this Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331. [See Lusher Decl. Ex. B, Defendant's Notice of Removal.]

## ARGUMENT

I.  **DEFENDANT'S NOTICE OF REMOVAL IS UNTIMELY – IT WAS FILED OVER FIVE MONTHS AFTER DEFENDANT FIRST RECEIVED NOTICE OF PLAINTIFFS' UNPAID OVERTIME CLAIM UNDER NEW YORK LAW**

"A notice of removal must be filed 'within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief….'" Botelho v. Presbyterian Hosp., 961 F. Supp. 75, 77 (S.D.N.Y. 1997) (quoting 28 U.S.C. § 1446(b)). "When applying Section 1446(b), 'the Court is to construe the thirty-day period narrowly, 'resolving any doubts against removability.'" Id. (quoting Gen. Ins. Co. of Am. v. Tilcon New York, Inc., 1996 U.S. Dist. LEXIS 9634, No. 96 Civ. 1258, 1996 WL 389265, at *1 (S.D.N.Y. July 11, 1996) (quoting Somlyo v. J. Lu-Rob Enters., Inc., 932 F.2d 1043, 1045-46 (2d Cir. 1991)).

Defendant's Notice of Removal was filed on July 23, 2018. Defendant alleges its Notice of Removal is timely because it was filed within 30 days of when Plaintiffs filed their opposition to Defendant's motion to dismiss or stay. In opposing Defendant's motion to dismiss or stay, Plaintiffs argued that they were entitled to a higher hourly overtime rate because an exemption to overtime under the FLSA, the so called "companionship exemption," did not apply to Plaintiffs' unpaid overtime claims under New York labor law. Defendant's sole basis for removal is that "Plaintiffs cite, rely upon, and purport to state a claim specifically arising under 29 U.S.C. § 213(a)(15)" and that "there is a split in federal authority as to the effective date of the FLSA regulation on which Plaintiff's claim rests." [Ex. B, Notice of Removal ¶¶ 2, 3.]

Plaintiffs' claim for unpaid overtime wages pursuant to 12 NYCRR §142-2.2 was contained in Plaintiffs' original Complaint filed on February 13, 2018. [Ex. A ¶ 67.] 12 NYCRR §142-2.2 states as follows:

> An employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in and

subject to the exemptions of sections 7 and 13 of 29 U.S.C. 201 *et seq.,* the Fair Labor Standards Act of 1938, as amended; provided, however, that the exemptions set forth in section 13(a)(2) and (4) shall not apply. In addition, an employer shall pay employees subject to the exemptions of section 13 of the Fair Labor Standards Act, as amended, except employees subject to section 13(a)(2) and (4) of such act, overtime at a wage rate of one and one-half times the basic minimum hourly rate.

As clearly set forth in the statute, Defendant has been on notice that New York's statutory overtime provision incorporates some of the FLSA's exemptions since Plaintiffs' initial Complaint was filed on February 13, 2018. While the mere fact that a New York statute incorporates or references federal law does not confer federal question jurisdiction to this court, even if Defendant believed that to be the case, Defendant had to remove on these grounds no later than March 15, 2018. Defendant failed to do so, instead waiting until July 23, 2018 to file its Notice of Removal, which is clearly beyond the 30 days allotted and is untimely. Plaintiffs' motion to remand should be granted.

## II.    ASSUMING, *IN ARGUENDO,* DEFENDANT'S NOTICE OF REMOVAL WAS SOMEHOW DEEMED TIMELY, PLAINTIFFS' CLAIM FOR UNPAID OVERTIME WAGES UNDER NEW YORK LAW DOES NOT CONFER FEDERAL QUESTION JURISDICTION

Pursuant to 28 U.S.C. § 1441(a), removal from a state court to a federal forum is appropriate in "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." Original jurisdiction exists if the asserted cause of action is "founded on a claim or right arising under the Constitution, treaties, or laws of the United States." Id. § 1441(b); see also 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The United States Supreme Court has explained that, "[a]lthough the constitutional meaning of 'arising under' may extend to all cases in which a federal question is 'an ingredient' of the action…we have long construed the statutory grant of federal-question jurisdiction as conferring a more limited power."

Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804, 807-808 (U.S. 1986) (citing

Verlinden B.V. v. Cent. Bank of Nig., 461 U.S. 480, 494-495 (U.S. 1983). "A case may be

removed to federal court only if it could have been filed in federal court in the first instance."

Rubin v. MasterCard Int'l, LLC, 342 F. Supp. 2d 217, 219 (S.D.N.Y. 2004) (citing Vera v. Saks

& Co., 335 F.3d 109, 113 (2d Cir. 2003); Cicio v. Does 1-8, 321 F.3d 83, 92 (2d Cir. 2003);

D'Alessio v. New York Stock Exch., 258 F.3d 93, 99 (2d Cir. 2001)).

The burden of establishing federal question jurisdiction "rests upon the defendants who

have removed the case." Big Apple Supermarkets, Inc. v. Dutto, 237 F. Supp. 774 (E.D.N.Y.

1965); see also Ross v. Bank of America, 524 F.3d 217, 222 (2d Cir. 2008) ("The burden rests on

the party asserting jurisdiction to clearly allege facts demonstrating standing.") (citation omitted);

United Food & Commercial Workers Union, Local 919 v. Ctr. Mark Props. Meriden Square, Inc.,

30 F.3d 298, 301 (2d Cir. 1994) ("Where, as here, jurisdiction is asserted by a defendant in a

removal petition, it follows that the defendant has the burden of establishing that removal is

proper.") (citation omitted).

A. **Defendant's Notice of Removal Concedes that Plaintiffs' Well-Pleaded Complaint Makes No Mention of Federal Law and that Plaintiffs' Claims Do Not Arise Under Federal Law – An Argument Opposing a Motion Filed by Defendant Cannot Comprise Grounds for Federal Question Jurisdiction**

Plaintiffs seek to recover unpaid wages and benefits which Plaintiffs were statutorily and

contractually entitled to receive pursuant solely under New York Law. Plaintiffs' first cause of

action seeks unpaid minimum wages under New York Labor Law. [See Exhibit A.] Plaintiffs'

second cause of action seeks unpaid overtime wages under New York Labor Law. [Id.] Plaintiffs'

third cause of action seeks unpaid "spread of hours" compensation under New York Labor Law.

[Id.] Plaintiffs' fourth cause of action seeks unpaid wages under New York Labor Law. [Id.]

Plaintiffs' fifth cause of action is for failure to pay additional amounts for the purchasing and

laundering of required uniforms under 12 NYCRR 142-2.5(c). [Id.] Plaintiffs' sixth cause of action is for breach of contract pursuant to NY Public Health Law § 3614-c. [Id.] Lastly, Plaintiffs' seventh cause of action is for breach of contract pursuant to NYC Admin. Code § 6-109. [Id.] All seven of Plaintiffs' causes of actions undeniably arise exclusively under New York State law.

Defendant's notice of removal plainly concedes that Plaintiffs' Complaint does not assert claims under federal law. Paragraph 5 of Defendant's Notice of Removal states "Plaintiffs' Complaint did not refer to the FLSA or any federal law or claim." [Ex. B, ¶ 4.] It is therefore undisputed that Plaintiffs' claims do not arise under federal law.

It is furthermore undisputed that Defendant's Notice of Removal is not based on Plaintiffs' well-pleaded Complaint at all. Instead, Defendant argues that federal question jurisdiction is conferred based on an argument Plaintiffs made in opposing Defendant's motion to dismiss or stay. [See Ex. B, Notice of Removal, ¶¶ 2, 4.] This is fatal to Defendant's removal request because whether a claim poses a substantial federal question must be determined by reference to Plaintiffs' "well-pleaded complaint." See Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (U.S. 1987) (The determination of whether federal-question jurisdiction exists for purposes of removal "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint"); Marcus v. AT&T Corp., 138 F.3d 46, 52 (2d Cir. 1998) ("[t]he presence or absence of federal question jurisdiction is governed by the well-pleaded complaint rule."); see also Sullivan v. Am. Airlines, Inc., 424 F.3d 267 (2d Cir. N.Y. 2005); Alcantara v. Allied Properties, LLC, 334 F.Supp.2d 336, 340 (E.D.N.Y. 2004) (federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint); Cuomo v. Long Island Lighting Co., 589 F. Supp. 1387, 1392 (E.D.N.Y. 1984) (it is well established that the existence of a federal question

must necessarily appear on the face of the plaintiffs' complaint); <u>Sarnelli v. Tickle</u>, 556 F.Supp. 557, 559 (E.D.N.Y. 1983) (original jurisdiction must be determined solely by reference to plaintiffs' complaint). The Supreme Court clarified the well-pleaded complaint rule in <u>Great N. R. Co. v. Alexander</u>, 246 U.S. 276 (U.S. 1918):

> [I]t has been frequently decided by this court that whether a case arising, as this one does, under a law of the United States is removable or not, when it is commenced (there being no claim of fraudulent attempt to evade removal), is to be determined by the allegations of the complaint or petition and that if the case is not then removable it cannot be made removable by any statement in the petition for removal or in subsequent pleadings by the defendant.

<u>Id</u>. at 281-82.

Simply because New York's overtime statute incorporates by reference select provisions of the FLSA, and may therefore require reference to an exemption under federal law, does not in and of itself confer federal subject matter jurisdiction. As stated by the 2nd Circuit in <u>Sullivan v. Am. Airlines, Inc.</u>, "[t]he plaintiffs, however, raised only state-law claims in their state-court complaint. As a general rule, a suit seeking recovery under state law is not transformed into a suit 'arising under' federal law merely because, to resolve it, the court may need to interpret federal law." <u>Id.</u> at 271.

Given that Defendant does not base removal on anything contained in Plaintiffs' Complaint, and instead concedes that Plaintiffs' well-pleaded Complaint does not form any grounds for removal, Plaintiffs' motion to remand back to the New York Supreme Court must be granted.

## B. The Companionship Exemption Under the FLSA is an Affirmative Defense and Therefore Cannot Confer Federal Question Jurisdiction

Defendant's Notice of Removal also misses the mark in arguing that there is disagreement as to the exact date the companionship exemption under the FLSA was eliminated, requiring that

home health attendants like Plaintiffs receive a higher hourly overtime rate. Defendant incorrectly contends that determination of this issue confers federal subject matter jurisdiction. This argument lacks all merit.

The companionship exemption is an affirmative defense. See e.g. Schwind v. EW & Assocs., 357 F. Supp. 2d 691, 697 (S.D.N.Y. 2005) ("a claim of exemption under the FLSA is an affirmative defense…."). The law is clear that affirmative defenses cannot confer federal question jurisdiction. See e.g. Alcantara, 334 F.Supp.2d at 340 (motion to remand granted because a case may not be removed to federal court on the basis of a federal defense, even if the defense is anticipated in the plaintiffs' complaint) (citing Caterpillar Inc., 482 U.S. at 392); Rubin v. MasterCard Int'l, LLC, 342 F. Supp. 2d 217, 219 (S.D.N.Y. 2004) ("A court must determine whether there is a federal question by reference to the 'well-pleaded complaint' doctrine, which requires that the court look solely to the claims pleaded by plaintiffs and ignore potential defenses or counterclaims.") (citing D'Alessio, 258 F.3d at 100; Curtin, 183 F. Supp. 2d at 667; Aetna U.S. Healthcare, Inc. v. Maltz, 1999 U.S. Dist. LEXIS 6708, No. 98 Civ. 8829 (WHP), 1999 WL 285545, at *2 (S.D.N.Y. May 4, 1999)).

As summarized by the court in W. SIDE Fed. Sav. & Loan Ass'n OF N.Y.C. v. ROLL, Pro Se 77 Civ. 1309-CLB, 1977 U.S. Dist. LEXIS 14922, at *2-3 (S.D.N.Y. July 19, 1977):

> The most that can be said is that defendants might have an affirmative defense or counterclaim, not actually pleaded but suggested in their petition for removal, which arises under a federal statute. Such claims, and affirmative defenses based thereon can be litigated in state courts. And in any event, an affirmative defense or counterclaim cannot serve as a basis for removing a state law based claim to this Court. The complaint is controlling. This complaint does not plead a claim arising under federal law. That being so, this action was improvidently removed, and must be remanded.

Moreover, Defendant's feigned federal controversy regarding when the companionship exemption was repealed is simply not true. As stated in De Carrasco v. Life Care Servs., Inc., No.

8

17-cv-5617 (KBF), 2017 U.S. Dist. LEXIS 206682, at *9 (S.D.N.Y. Dec. 15, 2017):

> The *great majority of courts* have found that the DOL Regulation was effective as
> of January 1, 2015, the date on which it was originally scheduled to take
> effect. See Green v. Humana at Home, 2017 U.S. Dist. LEXIS 162961, at *1-2
> (S.D.N.Y. Sept. 29, 2017); Hypolite v. Health Care Servs. of New York, Inc., 256
> F. Supp. 3d 485, 492-93 (S.D.N.Y. 2017); Evans v. Caregivers, Inc., 2017 U.S. Dist.
> LEXIS 76599, 2017 WL 2212977, at *3-4 (M.D. Tenn. May 19, 2017); Guerrero v.
> Moral Home Servs., Inc., 247 F. Supp. 3d 1288, 2017 WL 1155885, at *3-4 (S.D.
> Fla. Mar. 27, 2017); Dillow v. Home Care Network, Inc., 2017 U.S. Dist. LEXIS
> 27133, 2017 WL 749196, at *3-5 (S.D. Ohio Feb. 27, 2017); Cummings v. Bost,
> Inc., 218 F. Supp. 3d 978, 986-87 (W.D. Ark. 2016); Collins v. DKL Ventures, LLC,
> 215 F. Supp. 3d 1059, 1066-67 (D. Colo. 2016); Kinkead v. Humana, Inc., 206 F.
> Supp. 3d 751, 755 (D. Conn. 2016); Lewis-Ramsey v. Evangelical Lutheran Good
> Samaritan Soc'y, 215 F. Supp. 3d 805, 810 (S.D. Iowa 2016). In this district, both
> courts to consider the issue have relied on the presumption of retroactivity. Green,
> 2017 U.S. Dist. LEXIS 162961, at *16 (stating that "although defendants . . . relied
> on the district court's vacatur of the third-party employer rule . . . the need to preserve
> the precedent-setting power of judicial decisions and the need to treat like litigants
> alike require retroactive application"); Hypolite, 256 F. Supp. 3d at 492-93 (stating
> that the presumption of retroactivity overcame any reliance issues that the defendant
> had, and also pointing out that the defendant was on notice since 2013 of his new
> obligations under the DOL Regulation).
>
> …
>
> The Court *joins the other courts in this circuit and the majority of other courts* to
> consider the issue in finding that the DOL Regulation took effect on January 1, 2015.

*Id*. at *9 (emphasis added). Accordingly, there is no federal dispute amongst the United States

District Courts, or any question of federal law, as Defendants wrongly contend.

## III.   PLAINTIFFS REQUEST AN AWARD OF ATTORNEYS' FEES AND COSTS
    INCURRED AS A RESULT OF DEFENDANT'S FRIVOLOUS REMOVAL

Plaintiffs seek reasonable attorneys' fees and costs incurred as a result of Defendant's

removal, including but not limited to those incurred as a result of filing this motion to remand.

"Under the federal removal statute, a court ordering remand is authorized to 'require payment of

just costs and any actual expenses, including attorney fees, incurred as a result of removal.'"

Burton v. PGT Trucking, Inc., No. 16-CV-9985 (JPO), 2018 U.S. Dist. LEXIS 97703, at *6-7

(S.D.N.Y. June 11, 2018) (quoting 28 U.S.C. § 1447(c). "Fees are generally awarded 'only where

the removing party lacked an objectively reasonable basis for seeking removal.'" <u>Id</u>. (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)); see also <u>In re Lawrence</u>, 233 B.R. 248 (N.D.N.Y. 1999) (fees and costs awarded due to untimely filing of notice of removal); *Wallace v. Wiedenbeck, Jr.*, 985 F. Supp. 288, 292 (N.D.N.Y. 1998) (holding that fees are appropriate where asserted basis for removal was contrary to the overwhelming legal authority); *In re Friedman & Shapiro, P.C.,* 185 B.R. 143, 145-46 (S.D.N.Y. 1995) (fees found appropriate because applicable law clearly exempted the action from removal)).

Here, Defendant's Notice of Removal was untimely by over five months. Defendant further ignored the wealth of uncontroverted legal authority holding that grounds for removal must be found within the four corners of Plaintiffs' well-pleaded Complaint, instead basing its removal grounds on an argument set forth in opposition papers to a motion Defendant itself filed. Defendant also ignored the wealth of uncontroverted legal authority stating that affirmative defenses, such as the companionship exemption, cannot form the basis for federal question jurisdiction, and misrepresented to this Court that there is disagreement amongst federal courts as to the effective date of when the companionship exemption was repealed, when there is not, particularly within this circuit. Defendant lacked any objectively reasonable basis for seeking removal, which was simply another attempt by Defendant to delay this litigation. Accordingly, Plaintiffs' request for fees and costs is proper. Plaintiffs respectfully request permission to submit its fees and costs after this motion has been decided, given that these expenses are ongoing.

## **CONCLUSION**

For the reasons set forth above, Plaintiffs respectfully request this Court grant Plaintiffs' motion to remand this action in its entirety back to the Supreme Court of the State of New York

and provide for the fees and costs incurred by Plaintiffs as a result of Defendant's improper removal.

Dated: New York, New York
August 22, 2018

VIRGINIA & AMBINDER, LLP
        /s/ LaDonna M. Lusher
LaDonna M. Lusher, Esq.
Kara Miller, Esq.
Michele Moreno Esq.
40 Broad Street, 7th Floor,
New York, New York 10004
Tel: (212) 943-9080
llusher@vandallp.com

FARUQI & FARUQI, LLP
Innessa Melamed Huot, Esq.
685 Third Avenue, 26th Floor
New York, New York 10017
Tel:  (212) 983-9330

*Attorneys for Plaintiff and Putative Class*

11